HEARD NOVEMBER TERM, 1877.

## CARRIER *vs.* HAGUE.

It is error to charge the jury that "there was no proof of a certain fact," if there be any evidence whatever to establish it.

Where a plaintiff relies upon certain statements of an answer as admissions in his favor, the whole statement must go to the jury, and not merely that part which makes in favor of the plaintiff.

BEFORE NORTHROP, J., AT SPARTANBURG, APRIL TERM, 1877.

This was an action by G. D. Carrier, assignee of H. D. Carrier, against James A. Hague and E. L. Hague, his wife.

The case, as set forth in a brief prepared by counsel, is as follows:

The cause of action, as set forth in the complaint, was a sealed note, as follows:

"$188. One day after date I promise to pay H. D. Carrier one hundred and eighty-eight dollars for value received.

"JAMES A. HAGUE. [L. S.]
"E. L. HAGUE. [L. S.]

"NOVEMBER 20, 1873."

"Pay the within to G. D. Carrier.

"H. D. CARRIER."

Which, it was alleged, was assigned to the plaintiff before suit.

The defendants answered separately.

The appellant, E. L. Hague, in her answer, stated "that at the time she signed the note sued upon and set forth in plaintiff's complaint she was, and now is, a married woman; that the contract was made and the said note executed in North Carolina, and that she is informed and believes that by the laws of North Carolina a married woman could not execute a contract or sign a note binding herself, but that the same was void, and she pleads her coverture in bar of the plaintiff's recovery against her." She stated further in her answer "that the said note sued on was not made for her use or benefit; that she signed it at the request of the said H. D. Carrier and the defendant, James A. Hague, and that the said note was without consideration so far as she was concerned."

The case was called for trial at April Term, 1877.

The plaintiff relied for proof of execution of note on the admissions of the answers.

G. D. Carrier, sworn for plaintiff, stated that the note had been assigned to him, and that he was the real owner and holder of the note.

On cross-examination, witness stated that the defendants, James A. Hague and E. L. Hague, lived in North Carolina at and since the date of the note, and that the original payee, H. D. Carrier, also lived in North Carolina. Witness stated further that he did not recollect telling defendant's attorney, John H. Evins, Esq., that the note was executed in North Carolina; would not deny that he said so, but had no personal knowledge where the note was executed; that he did not see it executed, and had not heard either of the parties say where it was executed.

Defendant then introduced in evidence the 74th volume of North Carolina Supreme Court Reports, in which are reported the cases of *Wm. M. Pepper* vs. *Chas. M. Wessen and Caroline Wessen*, p. 437, *W. M. Rountree* vs. *W. M. Gay et al.*, p. 447, and *W. F. Atkinson* vs. *Mary E. Richardson and W. E. Richardson*, p. 455, to the effect that a wife cannot bind her separate property for the debts of the husband by such a contract as the one sued upon, and that she could not be bound unless it was proved that she meant to charge her separate property.

By consent, the statements of John H. Evins, Esq., one of defendant's attorneys, was admitted in evidence, to the effect that, a few weeks before, he had sought an interview with the plaintiff in order to know whether he would admit that the execution of the note was in the State of North Carolina, or would require witness to come from North Carolina to prove the fact, and that in said interview plaintiff did admit that the note was executed in North Carolina.

After argument, the defendant, E. L. Hague, submitted to the Court a written request to charge the jury as follows:

1. That it having been proved the defendants and payee of the note lived in North Carolina, that the presumption was that the note was executed there.

2. That the defendant, E. L. Hague, being a married woman, could not be liable for the debts of her husband, there being no proof that the debt was for her benefit.

3. That under the laws of North Carolina a married woman is not liable upon such a contract.

All of which requests to charge were refused, and His Honor charged the jury:

4. That there was no proof that the contract was executed in North Carolina, or that the defendant, E. L. Hague, was a married woman.

5. That under the laws of South Carolina the defendant, E. L. Hague, was liable to pay the note.

To all of which charges and refusals to charge the defendant, E. L. Hague, excepted.

The verdict was for plaintiff, and the defendant, E. L. Hague, appealed.

*Evins & Bomar, Thomson,* for appellant.

*Bobo & Carlisle,* contra.

March 30, 1878. The opinion of the Court was delivered by

HASKELL, A. J. There are five exceptions in this case; but if it should be ascertained that there is good ground for the fourth it will be unnecessary to consider the remainder. The fourth exception is: That the presiding Judge erred in charging the jury "that there was no proof that the contract was executed in North Carolina, or that the defendant, E. L. Hague, was a married woman."

If there was any evidence as to these facts, the case should have gone to the jury, and the Judge should have instructed the jury about the questions of law which would have arisen out of these facts. If there be any evidence on these two questions of fact, it was produced either by the plaintiff or by the testimony of John H. Evins, or by both.

Mr. Evins testifies that a few weeks before the trial he had sought an interview with the plaintiff in order to know whether he would admit that the execution of the note was in the State of North Carolina, or would require a witness to come from North Carolina to prove the fact, and that in said interview plaintiff did admit that the note was executed in North Carolina. Mr. Evins was defendant's attorney. It is not clear whether the plaintiff merely made the admission in conversation or whether he agreed to admit the fact at the trial. The latter rather seems to have been the understanding, and the defendants were thrown off their guard, and if that was the case the plaintiff could not be allowed to take advantage of it. While there does, therefore, appear to be evidence in the testimony of Mr. Evins that the contract was executed in North Carolina, and that the Judge erred in charging that there was not, still that would not of itself be sufficient ground for a new trial; for if there was no evidence that the defendant was a married woman, neither the *lex loci contractus* nor coverture, as pleaded, would avail, and the mistake on the part of the Judge would have been immaterial. This leads us to an examination of the evidence produced by the plaintiff. The cause of action set forth in the complaint was a sealed note, as follows:

"$188. One day after date I promise to pay H. D. Carrier one hundred and eighty-eight dollars for value received.

      "JAMES L. HAGUE.  [L. S.]
      "E. L. HAGUE.   [L. S.]
"NOVEMBER 20, 1873."

"Pay the within to G. D. Carrier.

         "H. D. CARRIER."

Which it was alleged was assigned to the plaintiff before suit. This statement induces the conclusion that the complaint was in the form prescribed in Section 185 of the Code of Procedure: That "in an action founded upon an instrument for the payment of money only,

it shall be sufficient for a party to give a copy of the instrument and to state that there is due to him thereon from the adverse party a specified sum which he claims." It devolved upon the plaintiff in this case to prove, unless it was stated and admitted in the answer, that the note was signed, sealed and delivered to the payee therein named. The assignment to the plaintiff was alleged and not controverted by the answer, and, therefore, may be taken as true. The plaintiff, however, proved that the note had been assigned to him, and that he was the real owner, and states that he relied "on the admissions of the answer" of the defendant, E. L. Hague, to prove the execution of the instrument by her.

The answer set up by the plaintiff to prove the execution is as follows :

" That at the time she signed the note sued upon and set forth in the plaintiff's complaint she was, and now is, a married woman ; that the contract was made and the said note executed in North Carolina, and that she is informed and believes that by the laws of North Carolina a married woman could not execute a contract or sign a note binding herself, but that the same was void, and she pleads her coverture in bar of the plaintiff's recovery against her." She stated further in her answer " that the said note sued on was not made for her use or benefit ; that she signed it at the request of the said H. D. Carrier and the defendant, James A. Hague, and that the said note was without consideration so far as she was concerned."

It must be observed here that the defendant's mention of the contract and that the note was executed are no admissions that she made the contract or executed the note, for the contract was already made and the note executed by another, and to that fact her statements may consistently, and should, be applied ; otherwise her answer would contradict itself. The signature is all that she states and admits that can aid the plaintiff. The material allegation in the complaint is that so much money is due by the defendant on the note. That allegation is controverted by the answer and cannot be taken as true.—§ 191, Code of Procedure. The statement of signature as made in the answer is not responsive to any allegation in the complaint; and the question is, whether a part of such statement can be taken advantage of by the plaintiff as evidence and a part be rejected or excluded. This can only be deter-

mined by ascertaining the true character of the answer. " In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed with a view of substantial justice between the parties."—§ 182, Rev. Stat., 608.

The confusion in this case arises from the unnecessary recital in the answer. The substance of the answer is the plea of coverture ; that the note, so far as this defendant is concerned, is void *ab initio*.

A general denial can be pleaded in an action on a note, under the Code of Procedure, when the defendant can show at the trial that he never executed or delivered the note in the legal sense of those terms.

In an action against a *femme covert* on a bond, the coverture may be given in evidence under a general plea of *non est factum*.— *Freer* vs. *Walker*, 1 Bail., 184.

Under a general denial in the present case all the facts alleged in the answer would properly come in by evidence upon the defense at the trial. The answer is largely an argumentative recital of the points and the law by means of which the general denial which it contains is to be sustained, and to that extent is surplusage and might have been stricken out and the pleadings amended. It is not as where the answer admits material averments of the complaint but accompanies it with statement of affirmative matter in explanation and qualification by way of defense, though that makes a nice and important question which has not yet been decided by this Court. But in this case, by the plea that the cause of action is void *ab initio*, the answer is responsive only to the general allegation, money due—and must be construed only in its aspect of general denial so far as it is subjected to the rules of pleading, and if produced as evidence to prove any other fact than denial is subject to the ordinary rules of documentary evidence. Thus the pleading leaves upon the plaintiff the *onus probandi*, and the allegations of the answer are but a proffer of the points upon which defendant relies to sustain her denial. Prior to the opening of the defense the plaintiff resorts to the answer and produces it as evidence in his behalf. He must take it as it stands, and cannot be permitted to carve out a part and reject the residue, which qualifies, explains or pertains to the portion selected.—Adams Eq., *21 ; *Ibid*, *303 ; *Cohen* vs. *Roberts*, 2 Strob., 10 ; *Cordray* vs. *Mordecai*, 2 Rich., 518.

The whole answer should have been admitted as evidence so far as it explains or qualifies or is properly connected with the portions relied on by the plaintiff. This lets in evidence of both the facts in question, viz., that the contract was executed in North Carolina, and that the defendant, E. L. Hague, was a married woman.

The motion for a new trial is granted.

*Willard*, C. J., and *McIver*, A. J., concurred.